UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Maria Juana Lazo Lazo, individually and on behalf of all others similarly situated,

*Plaintiffs,*

v.

Gender Bias, Inc. d/b/a Lola & Sophie and Does 1 – 50, inclusive,

*Defendants.*

**PROTECTIVE ORDER**

1:19-cv-08572-RA

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/19

Hon. Ronnie Abrams, United States District Judge:

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

ORDERED that any person subject to this Order, including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order, shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a) financial information previously nondisclosed to the public (including without limitation, tax returns, payroll records, receipts, financial records and reports, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) material previously nondisclosed to the public relating to ownership or control of any non-public company;

1

(c) business plans, product development information, or marketing plans previously nondisclosed to the public;

(d) any information of a personal or intimate nature regarding any individual, including but not limited to all health care or medical information; or

(e) any other category of information hereinafter given confidential status by the Court.

Confidential information shall accordingly exclude (1) information which at or prior to its disclosure in this action is or was publicly accessible or in the public domain or which, after disclosure, becomes public without action on the producing party's part; and (2) information that was rightfully possessed by the party receiving it, and not otherwise subject to restrictions on its disclosures, prior to its production in the proceedings of this action.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either on the record during the deposition or within 5 days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by notifying all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action and, with respect to Discovery Material designated as Confidential that was produced by a non-party, also to such non-party;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

2

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its support personnel; and

(i) any other person whom the producing person, or other person designating the Discovery Material confidential pursuant to paragraph 8 below, agrees in writing may have access to such Discovery Material.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an **Exhibit A** hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. All Confidential Discovery Material sough to be used for any court filings, must first be disclosed to the non-producing party as provided herein. Specifically, if the non-producing party seeks to file with the Court any documents that are deemed Confidential, the non-producing party must give the producing party at least 5 business days notice of this intent and the producing party must then show good cause as to why the Court should permit filing of these documents under seal. The parties further acknowledge that nothing herein shall prevent the Court and its personnel from reviewing confidential information, provided the information is kept under seal until further notice from the Court, or stipulation of the parties.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such

3

material has previously been sealed or designated as Confidential. The Court also retains discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this litigation and despite a producing person having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days of notice by the disclosing party, return or destroy all copies of the Inadvertently Disclosed Information, and provide a written confirmation (via email is sufficient) that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in-camera review of the inadvertently Disclosed Information.

16. The foregoing paragraph shall not be read to require any Law Office to delete or destroy any document it reasonably believes must be maintained to ensure a complete and accurate case file is maintained for seven (7) years.

17. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

[THIS SPACE IS LEFT INTENTIONALLY BLANK]

So Agreed:

Weisenberg Firm, PLLC
*Plaintiffs' Counsel*:

_____
Benjamin D. Weisenberg, Esq.

450 Lexington Ave, 4th Floor
New York, NY 10017
Ph#: (917) 747-5303
Fx#: (212) 365-5619

Law Offices of Michael Chong, LLC
*Defendant's Counsel*:

_____
Michael K. Chong, Esq.

2 Executive Drive, Suite 240
Fort Lee, NJ 07024
Ph#: (201) 947-5200
Fx#: (201) 708-6676

SO ORDERED.

Dated: 12-16-19

_____
Ronnie Abrams, U.S.D.J.

This stipulation binds the parties to treat as confidential the documents so classified. The Court makes no finding as to whether the documents are confidential. Moreover, the Court does not endorse any provision which purports to authorize the parties to file documents under seal without a prior court order.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maria Juana Lazo Lazo, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>Gender Bias, Inc. d/b/a Lola & Sophie and Does 1 – 50, inclusive,<br><br>*Defendants.* | **AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER**<br><br>1:19-cv-08572-RA |

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____  _____
Date                          Signature