

Benjamin D. Weisenberg
Direct: 917.747.5303
ben@weisenbergfirm.com

450 LEXINGTON AVE – 4TH FLOOR
NEW YORK, NY 10017

535 MISSION STREET – 14TH FLOOR
SAN FRANCISCO, CA 94105

WEISENBERGFIRM.COM

February 19, 2020

**BY ECF ONLY**
Hon. Magistrate Judge Robert W. Lehrburger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:** **Maria Juana Lazo Lazo v. Gender Bias, Inc. dba Lola & Sophie**
**Case No. 1:19-cv-08572-RA**
**Joint Letter for Settlement Approval pursuant**

Dear Hon. Magistrate Judge Robert W. Lehrburger:

The Weisenberg Firm, PLLC (the "Firm") represents Plaintiff Maria Juana Lazo Lazo ("Ms. Lazo Lazo" or "Plaintiff") in the lawsuit captioned *Maria Juana Lazo Lazo v. Gender Bias, Inc. dba Lola & Sophie* (the "Lawsuit").  Plaintiff and Defendant (collectively, the "Parties") are pleased to report that the parties have entered into a proposed settlement agreement ("Agreement")[1] that seeks to dispose of all claims in this Lawsuit.  The Agreement disposes the Lawsuit in full without seeking either a FLSA Collective or a NYLL Class release (*i.e.*, a 'Single Plaintiff,' settlement).

The parties therefore write to respectfully request the Court approve the proposed Settlement Agreement as fair and reasonable during the now scheduled February 17, 2017, Initial Pretrial Conference.  *See* Dkt. Scheduling Text Order No. 24.

### I.   Introduction and Statement of the Case

Defendant is a fashion company with an office located in New York City.  As relevant to the Lawsuit, Plaintiff worked for Defendant from March of 2016 through June of 2019.  Defendant employed Plaintiff as a sewist.  Plaintiff filed the Lawsuit on September 16, 2019, alleging, *inter alia*, Plaintiff was not paid for every hour worked, was not paid the appropriate overtime premium for every overtime hour worked, not timely paid at the end of each work week, and Plaintiff was denied accurate and statutorily compliant wage notices and wage statements.  The Lawsuit alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the New York Labor Laws ("NYLL"), § 650 *et seq*.  The Lawsuit also alleged the Defendants failed to pay all applicable Spread of Hours pay in violation of 12 N.Y.C.R.R. 142-2.4.

---
[1]   Settlement Agreement attached as **Exhibit A**.

LAZO1900060

Doc ID: 60c3a7cb2ce0487d41a8930df3d6e910de1f8b3a

Defendants retained Michael K. Chong of the Law Offices of Michael K. Chong, LLC as their counsel in this matter. Mr. Chong is an experienced wage and hour litigator. Defendants dispute the material allegations in the Complaint and deny all allegations of wrongdoing. *See* Settlement Agreement, Page 1. The parties have entered into the Settlement Agreement out of a desire to resolve and settle this lawsuit in an amicable manner without the expense and aggravation of continued litigation. *Id.*

Plaintiff's counsel and Defendant's counsel conducted numerous phone calls starting at an early stage in these proceedings. *See* ECF Dkt. Nos. 8, 12, 13, 14, 18, and 20. The Court assigned mediator – Florence Dean – played a crucial role in highlighting the main points of contention for the parties prior to the parties' agreement to temporarily suspend mediation efforts and engage in targeted discovery. The Parties separately investigated the claims, informally exchanged discovery, and created their respective comprehensive damages calculations. The end result of the Parties' arm-length negotiations is the attached Settlement Agreement.

## II.   Settlement Terms

The Agreement makes available $20,000.00 to fully resolve and satisfy the Lawsuit. *See* Ex. A, Agreement*.*, Pages 1-2. The Agreement does not contain a confidentiality provision or a non-disparagement provision. *See gen.,* Ex. A, Agreement*.* The Settlement Agreement's release of claims is limited to the FLSA and NYLL claims at issue in this Lawsuit. *Id.*, Page 2, Section 3.

## III.   The Proposed Settlement is Fair and Reasonable

When parties privately settle FLSA claims with prejudice, the settlement must be approved by a district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert. denied,* 136 S. Ct. 824 (2016).) To warrant such approval, the parties must satisfy the court that their agreement is "fair and reasonable." *Flores v. Food Express Rego Park, Inc.*, No. 15-cv-1410, 2016 WL 386042, at *1 (E.D.N.Y. Feb. 1, 2016).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including, but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel, and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012) (internal citations omitted). Factors that weigh against approving a settlement include: (1) the presence of other employees situated similarly to the claimant, (2) a likelihood that the claimant's circumstances will recur, (3) a history of FLSA non-compliance by the employer or others in the same industry or geographic region, and (5) the desirability of a mature

record and appoint determination of the governing factual or legal issues to further develop the law.  (*Id.* at 336.) (internal citations omitted).

### a. Plaintiff's Range of Possible Recovery Compared to Plaintiff's Actual Recovery Under the Settlement Agreement Supports Settlement Approval.

Plaintiff calculated her maximum economic damages as $67,062.62.  Plaintiff's damages consist of unpaid minimum wages, unpaid overtime premium pay, liquidated damages, spread of hours penalties, and statutory penalties. $41,701.56 of the total $67,062.62 (*i.e.*, 62%) alleged damages consists of alleged liquidated damages resulting from Plaintiff's allegation that Defendant failed to timely pay her, a manual worker, every week.  *See* NYLL § 191; *see also Vega v. CM & Assocs. Constr. Mgmt. Ltd. Liab. Co.*, 2018 N Slip Op 30979(U) (N.Y. Sup. Ct. 2018); *see also Vega v. CM & Assoc. Constr. Mgt., LLC,* 2019 N.Y. App. Div., Slip OP 06549 (Sept. 10, 2019).  $10,000 of the total $67,062.62 (*i.e.*, 14%) alleged damages consists of NYLL wage notice and wage statement penalties.  *See* NYLL 195(1), (3).  $170.00 of the total $67,062.62 (*i.e.*, less than 1%) alleged damages consists of spread of hours penalties.  *See* 12 NYCRR 142-2.4.  $15,191.06 of the total $67,062.62 (*i.e.*, 22%) alleged damages consists of unpaid minimum wages and overtime premium wages.

While Plaintiff's $20,000 recovery is 29% of her possible total recovery, it is 130% of her claimed unpaid wages.  Meaning, the remaining unrecovered alleged amounts are the product of alleged liquidated damages and alleged statutory penalties as opposed to alleged uncompensated hours worked.  Recovering almost one third of the possible total recovery and more than the total amount of alleged unpaid wages at this early stage of litigation weighs heavily in favor of approving the proposed settlement as fair and reasonable.

### b. The Settlement Agreement Allows Plaintiff to Avoid Her Burden to Establish Her Claims at Trial After Lengthy Litigation Which Supports Settlement Approval.

The settlement amount is reasonable in light of the burden Plaintiff faces in achieving victory at the trial.  The largest percentage of Plaintiff's alleged damages result from Plaintiff's allegation that she is a manual worker entitled to payment of wages every week as opposed to every other week.  Until 2018, it was not entirely clear that a private cause of action under NYLL § 191 alleging an employer failed to pay a manual worker every week was viable.  *See Vega v. CM & Assocs. Constr. Mgmt. Ltd. Liab. Co.*, 2018 N Slip Op 30979(U) (N.Y. Sup. Ct. 2018); *see also Vega v. CM & Assoc. Constr. Mgt., LLC,* 2019 N.Y. App. Div., Slip OP 06549 (Sept. 10, 2019).  Therefore, the majority of Plaintiff's alleged damages arise from a cause of action that has not been tested for as many years as Plaintiff's other, more traditional causes of action (*e.g.*, unpaid wages, wage notices, wage statements, etc.).  While Plaintiff believes she would be able to carry her burden, if Plaintiff fails to establish she is a covered "manual worker," her total possible recovery would be a total of approximately $29,180.32 as opposed to

Lazo Lazo v. Gender Bias, Inc.
Case No. 1:19-cv-08572-RA
Page 4 of 6

$67,062.62. The Agreement eliminates Plaintiff's risk and alleviates Plaintiff burden to establish her claims at trial.

In the current COVID-19 world, it is also less than certain that a business the size of Defendant could survive either the costs and expense of further litigation or satisfy a Plaintiff's trial verdict. The Agreement eliminates Plaintiff's risk of never obtaining any recovery whatsoever.

### c. Resolution of This Action at This Stage of the Litigation and on the Basis of Arm's-Length Bargaining Between Counsel Supports Settlement Approval

The Parties' proposed Agreement is the product of protracted arm's-length bargaining between experienced counsel and is absence of any fraud or collusion. The Agreement avoids the unnecessary costs and difficulties of further litigation.

### d. Review of the Negative *Wolinsky* Factors Supports Settlement Approval

Defendants have retained competent employment counsel so that they do not incur additional liabilities in the future, and they have not been party to a FLSA or NYLL Class or Collective Settlement in the past that they have subsequently violated and/or repeated their past offense.

The Parties are not aware of any reason why a "mature record," need be developed in this action.

A review of the Negative *Wolinksy* Factors weighs heavily in favor of approving this Settlement as fair and reasonable.

### e. Plaintiff's Counsel's Request for Attorneys' Fees Equal to One-Third of the Fund Is Reasonable and Supports Settlement Approval

The Firm is requesting attorneys' fees and litigation costs in the amount of $7,100.06 ($6,440.31, $659.75 respectively). *See* Settlement Agreement, Page 2, Section 2(a)(iii).

There are two ways to compensate attorneys for successful prosecution of statutory claims: the lodestar method and the percentage of the fund method. *See McDaniel v. Cnty. Of Schenectady,* 595 F. 3d 411, 417 (2d Cir. 2010). Courts tend to prefer the percentage method over the lodestar method to compensate attorneys for successful prosecution of statutory claims, because the percent method is closely aligned with market practices and "is intended to mirror the private marketplace where contingent fee attorneys typically negotiate percentage fee arrangements with their clients," (*Chavarria v. New York Airport Service, LLC,* 875 F. Supp. 2d 164, 177 (E.D.N.Y 2012.)), the percentage method promotes early resolution and removes the incentive for plaintiffs' lawyers to engage in wasteful litigation in order to increase their billable hours, *See*

*Beckman v. Keybank, N.A.*, 293 F.R.D. 467, 474 (S.D.N.Y. 2013); *see also Costagna v. Madison Square Garden, L.P.*, No. 09 Civ. 10211, 2011 WL 2208614, at *6 (S.D.N.Y. June 7, 2011) (commending the plaintiffs' attorneys for negotiation early settlement), and the percentage method preserves judicial resources because it "relieves the court of the cumbersome, enervating, and often surrealistic process of evaluating fee petitions." *Asare v. Change Grp. of N.Y., Inc.,* No. 12 Civ. 3371 (CM), 2013 WL 6144764, at *17 (S.D.N.Y. Nov. 18, 2013) (quoting *Savoie v. Merchants Bank*, 166 F.3d 456, 461 n.4 (2d Cir. 1999)).

The undersigned counsel has worked a total of approximately 52.78 hours on this matter as of the date of this submission. The Firm has incurred $659.75 in litigation costs and expenses. Plaintiff's counsel anticipates spending additional time in the future participating in the administration of the settlement, responding to Plaintiff's inquiries and handling unexpected issues that will undoubtedly arise. The requested fee award is also meant to compensate for that time. The hours reported are reasonable for a case of this complexity and magnitude.

Undersigned counsel charges $550 an hour in his private practice, and the undersigned has obtained approval of FLSA settlement agreements from this District Court and others including the same hourly rate. *See e.g.*, *Luina et al v. Level 3 Funding*, 18-cv-11208-VSB; *Crowder v. ARC HealthResources of Rockland, Inc.*, 17-cv-04086; and *Fuentes Diaz v. Steps in Home Care, Inc.*, 17-cv-09459. The Firm's time in this matter, therefore, is the equivalent of approximately $29,029.00. The Firm's lodestar, therefore, is not a multiple of the fee requested.

Plaintiff's counsel, therefore, believes the Firm's fee is reasonable under both the percentage method and the lodestar method which weighs heavily in favor of approving the Agreement. Defendant does not oppose Plaintiff's attorneys' fee request.

## Exhibits

**Exhibit A**   Fully Executed Settlement Agreement
**Exhibit B**   Weisenberg Firm, PLLC Clio.com Time Records
**Exhibit C**   [Proposed] Order for Dismissal with Prejudice

*   *   *

The Court, based on the foregoing and the documents annexed hereto, should approve the Parties' proposed Agreement as both fair and reasonable in light of the circumstances of this case.

> Respectfully submitted on behalf of the parties,
>
> **WEISENBERG FIRM, PLLC**

Lazo Lazo v. Gender Bias, Inc.
Case No. 1:19-cv-08572-RA
Page 6 of 6

                                              Benjamin D. Weisenberg

Signed as to the Joint Letter and attached Exhibits:

_____
Michael K. Chong
Law Offices of Michael K. Chong, LLC
2 Executive Drive
Suite 240
Fort Lee, NJ 07024
201-947-5200
Email: MKC@mkclawgroup.com

Doc ID: 60c3a7cb2ce0487d41a8930df3d6e910de1f8b3a